FILED: SUFFOLK COUNTY CLERK 03/12/2021 07:03 PM          INDEX NO. 604534/2021
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 03/12/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X

MAY ALEM,

                                    Plaintiff,

Against

THE TJX COMPANIES, INC. and
MARSHALL'S, INC.,

                                    Defendants.
------------------------------------------------------------X

Index No.:

Date Purchased:
Plaintiff designates Suffolk
County as place of trial.

**SUMMONS**

Plaintiff resides at:
16 Brookside Drive
Huntington, New York 11746

**TO THE ABOVE NAMED DEFENDANTS**

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the

Complaint in this action and to serve a copy of your answer, or, if the complaint is not served

with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty

days after the service of this summons, exclusive of the day of service, where service is made by

delivery upon you personally within the state, or, within (30) days after completion of service is

made in any other manner. In case of your failure to appear or answer, judgment will be taken

against you by default for the relief demanded in the complaint.

Dated: Syosset, New York
        March 10, 2021

                        THE MERMIGIS LAW GROUP, P.C.

                        *Attorneys for Plaintiffs*

                        By: James G. Mermigis, Esq.
                        85 Cold Spring Road, Suite 200
                        Syosset, NY 11791
                        (516) 353-0075
                        (516) 682-0011 Facsimile

TO:

THE TJX COMPANIES, INC.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

MARSHALL'S
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

————————————————————X

MAY ALEM,                                                    Index No.:

                              Plaintiff,

Against

THE TJX COMPANIES, INC. and                      **VERIFIED COMPLAINT**
MARSHALL'S, INC.,

                              Defendants.

————————————————————X

        Plaintiff MAY ALEM, by her attorneys THE MERMIGIS LAW GROUP, P.C.,

complaining of the defendants herein respectfully alleges, upon information and belief as

follows:

        1.      That at all times hereinafter mentioned, Plaintiff MAY ALEM was and still is an

individual residing in the County of Suffolk, State of New York.

        2.      That at all times hereinafter mentioned Defendant THE TJX COMPANIES, INC.,

(hereinafter "TJX") was and still is a foreign business corporation incorporated in the State of

Delaware and authorized to do business within the State of New York.

        3.      That at all times hereinafter mentioned defendant TJX was and still is a foreign

business corporation which was doing business within the State of New York on or before March

14, 2018.

        4.      That at all times hereinafter mentioned defendant TJX did business in the State of

New York under the brand name MARSHALL'S.

1

Case 2:22-cv-00029-GRB-ARL   Document 1-1   Filed 01/04/22   Page 4 of 10 PageID #: 8

5.     That at all times hereinafter mentioned defendant TJX was the parent company of

an entity known as MARSHALL'S and defendant TJX did business in the State of New York

under the retail name of MARSHALL'S.

6.     That on or before March 14, 2018 defendant TJX owned a number of retail stores

in the State of New York which did business under the brand name of MARSHALL'S, including

a retail store located at 839 New York Avenue in Huntington Station, New York.

7.     That on or before March 14, 2018 defendant TJX operated a number of retail

stores in the State of New York which did business under the brand name of MARSHALL'S

including a retail store located at 839 New York Avenue in Huntington Station, New York.

8.     That on or before March 14, 2018 defendant TJX managed a number of retail

stores in the State of New York which did business under the brand name of MARSHALL'S

including a retail store located at 839 New York Avenue in Huntington Station, New York.

9.     That on or before March 14, 2018 defendant TJX supervised a number of retail

stores in the State of New York which did business under the brand name of MARSHALL'S

including a retail store located at 839 New York Avenue in Huntington Station, New York.

10.     That on or before March 14, 2018 defendant TJX maintained a number of retail

stores in the State of New York which did business under the brand name of MARSHALL'S

including a retail store located at 839 New York Avenue in Huntington Station, New York.

11.     That on or before March 14, 2018 defendant TJX controlled a number of retail

stores in the State of New York which did business under the brand name of MARSHALL'S

including a retail store located at 839 New York Avenue in Huntington Station, New York.

2

12.     That at all times hereinafter mentioned defendant MARSHALL'S, INC.

(hereinafter "MARSHALL'S") was a domestic corporation duly organized and existing under

and by virtue of the laws of the State of New York.

13.     That at all times hereinafter mentioned and more specifically on and prior to

February 22, 2017 defendant MARSHALL'S was a subsidiarity of defendant TJX and was

authorized to do business within the State of New York and was in fact doing business within the

State of New York.

14.     That at all times hereinafter mentioned and more specifically on and prior to

March 14, 2018 defendant MARSHALL'S was the brand name under which defendant TJX

owned and operated a number of retail stores in the State of New York, including the retail store

located at 839 New York Avenue in Huntington Station, New York.

15.     That on or before March 14, 2018, defendant MARSHALL'S owner a number of

retail stores in the State of New York including a store located at 839 New York Avenue in

Huntington Station, New York .

16.     That on and before March 14, 2018 defendant MARSHALL'S operated a number

of retail stores in the State of New York including a store located at 839 New York Avenue in

Huntington Station, New York.

17.     That on and before March 14, 2018 defendant MARSHALL'S managed

a number of retail stores in the State of New York including a store located at 839 New York

Avenue in Huntington Station, New York.

3

18.     That on and before March 14, 2018 defendant MARSHALL'S supervised a number of retail stores in the State of New York including a store located at 839 New York Avenue in Huntington Station, New York.

19.     That on and before March 14, 2018 defendant MARSHALL'S maintained a number of retail stores in the State of New York including a store located at 839 New York Avenue in Huntington Station, New York.

20.     That on and before March 14, 2018 defendant MARSHALL'S controlled a number of retail stores in the State of New York including a store located at 839 New York Avenue in Huntington Station, New York.

21.     That at all times hereinafter mentioned and more specifically on or about March 14, 2018 plaintiff MAY ALEM was a patron, invitee, customer and/or business visitor lawfully in the MARSHALL'S department store located at 839 New York Avenue in Huntington Station, New York (hereinafter the "subject premises").

22.     That at all times hereinafter mentioned and more specifically on and before March 14, 2018 it was the duty of defendant TJX, its servants, agents and/or employees to keep the subject premises in a reasonably safe condition and free from any defects or dangerous conditions for use of persons lawfully on the subject premises, including the plaintiff, MAY ALEM, herein.

23.     That at all times hereinafter mentioned and more specifically on and before March 14, 2018 it was the duty of defendant MARSHALL'S, its servants, agents and/or employees to keep the subject premises in a reasonably safe condition and free from any defects or dangerous

4

FILED: SUFFOLK COUNTY CLERK 03/12/2021 07:03 PM
INDEX NO. 604334/2021
NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 03/12/2021

conditions for use of persons lawfully on the subject premises, including the plaintiff, MAY ALEM, herein.

24.     That at all times hereinafter mentioned and more particularly on or about March 14, 2018 it was the duty of defendant TJX to provide for the safety, protection and well-being of persons lawfully present at the subject premises, including the plaintiff herein, MAY ALEM.

25.     That at all times hereinafter mentioned and more particularly on or about March 14, 2018 it was the duty of defendant MARSHALL'S to provide for the safety, protection and well-being of persons lawfully present at the subject premises, including the plaintiff herein, MAY ALEM.

26.     That on or about the 14th day of March, 2018, while plaintiff, MAY ALEM was lawfully and properly inside the subject premises, she was injured when a sharp glass object fell from its place on the top shelf above and struck her as she was lawfully in the aisle.

27.     That at all times hereinafter mentioned and more particularly on or about March 14, 2018 the carelessness and negligence of the defendants included, but was not limited to having an elevated merchandise display which was not properly balanced and could tip; in having an elevated merchandise display that was not properly secured so that it became a tipping hazard; in failing to properly secure said shelf; in failing to warn others of the dangerous condition; in placing heavy, sharp objects on faulty shelves; in overstocking sharp glass objects on the top shelves and creating a hazard; in failing to keep defendants' store aisles safe; in having defective display shelves in the subject premises; in placing heavy glass objects on the shelves that were too heavy for the shelves to support; in placing heavy sharp objects at the edge of the shelves; in allowing a dangerous and defective condition to exist for an

5

Case 2:22-cv-00029-GRB-ARL   Document 1-1   Filed 01/04/22   Page 8 of 10 PageID #: 12

unreasonable period of time; in failing to take adequate and appropriate steps to remedy the

dangerous and defective condition relating to the shelves; in failing to keep shelves in a

reasonably safe condition; in failing to keep shelves and merchandise displays free from any

defects or dangerous conditions; in failing to keep subject premises in a reasonably safe

condition; in failing to keep subject premises free from any defects or dangerous conditions for

use of persons lawfully on the subject premises.

28.    Plaintiff, MAY ALEM, was injured.

29.    Plaintiff, MAY ALEM, was seriously injured.

30.    The aforesaid occurrence and resulting injuries to the Plaintiff were due solely to

the carelessness, recklessness and negligence of the defendants, their agents and servants in their

ownership, operation, management, control, maintenance, repair, supervision and inspection of

the aforesaid retail store.

31.    The aforesaid occurrence and resulting injuries to plaintiff were due solely to the

carelessness, recklessness and negligence of the defendants, their agents and servants without

any fault or wrongdoing on the part of the plaintiff contributing thereto.

32.    By reason of the foregoing, plaintiff, MAY ALEM has been damaged.


## SECOND CAUSE OF ACTION

33.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained here

in above paragraphs "1" through "32" inclusive with the same force and effect as if hereinafter

set forth at length.

34.    That the Plaintiff will rely upon the theory of Res Ipsa Loquitur.

6

**WHEREFORE**, plaintiff demands judgment against the defendants in the First and

Second Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts

in which this matter may have been brought, with interest from the date of occurrence, together

with the costs and disbursements of this action.

Dated: Syosset, New York
March 10, 2021

Yours, etc.

THE MERMIGIS LAW GROUP, P.C.
*Attorneys for Plaintiff*


James G. Mermigis, Esq.
85 Cold Spring Road, Suite 200
Syosset, NY 11791
(516) 353-0075
(516) 682-0011 Facsimile
MermigisLaw@GMail.com

7

## ATTORNEY'S VERIFICATION

**James G. Mermigis, Esq.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and the owner of **THE MERMIGIS LAW GROUP, P.C.**, attorneys of record for Plaintiff **MAY ALEM**, in the action within.

I have read the annexed **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The source of deponent's information and the grounds for his belief are communications, papers, reports and investigations contained in the file.

The reason that this verification is made by deponent and not by the Plaintiff is that the Plaintiff **MAY ALEM**, herein resides in a county other than one in which Plaintiff's attorney maintains his office.

Dated: Syosset, New York
      March 10, 2021

JAMES G. MERMIGIS, Esq.